IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PRESTON ROBERSON                                                                    PLAINTIFF

v.                         Civil No. 4:13-cv-04012

WARDEN DANNY BURL; and
TODD BALL                                                                            DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff Preston Roberson pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated in the Arkansas Department of Corrections - East Arkansas Regional Unit in Brickeys, Arkansas ("EARU").  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me on the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (ECF No. 5) and for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

I.      BACKGROUND

Plaintiff claims he is being retaliated against by Warden Danny Burl and Todd Ball, of the EARU, for his previous section 1983 complaints.  As a part of this conspiracy, he alleges Burl and Ball are withholding Plaintiff's mail, denying him medical treatment, preventing his release, and

attempting to have him killed by housing him in a maximum security facility with "big timers." ECF No. 1.

Plaintiff alleges his life is in danger, and he needs protection and to be transferred from the EARU as soon as possible. ECF No. 1.

## II. DISCUSSION

Under the terms of the PLRA:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has accumulated more than three strikes in cases filed in this district and the Eastern District of Arkansas. *See e.g.*, *Roberson v. McJunkins,* Civil No. 4:12-cv-04031; *Roberson v. Arnold,* Civil No. 4:92–cv–04086; *Roberson v. Griffin*, Civil No. 4:92–cv–04088; *Roberson v. Wright*, Civil No. 4:92–cv–04089; *Roberson v. Billings*, Civil No. 4:92–cv–04090; *Roberson v. Corey*, Civil No. 4:08–cv–04105 (the Eastern District of Arkansas dismissed this case based on five prior strikes). Therefore, in order to overcome section 1915(g), Plaintiff must show the Court he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

While Plaintiff alleges his life is in danger, this allegation is based on Plaintiff's fear that some hypothetical future harm may come to him as a result of being incarcerated at a maximum security facility with "big timers." The danger of physical injury must amount to more than fear that a physical attack could occur at some point in the future in order to invoke the exception to section 1915(g). *See Brown v. Johnson,* 387 F.3d 1344, 1349–1350 (11th Cir. 2004) (plaintiff must present "specific fact

2

allegations ... of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). Further, Plaintiff's general allegation that he is in fear of a future attack or that he has been denied medical care—without any specifics as to the injuries he suffers or the danger his housing situation and lack of care creates—is insufficient to invoke the exception to section 1915(g). *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (the prisoner must allege specific factual allegations of ongoing serious physical injury to utilize the section 1915(g) exception). Finally, Plaintiff's claims regarding his mail, communications with family, and parole fail to allege imminent danger of serious physical harm. Therefore, Roberson has not triggered the exception to section 1915(g).

### III.    CONCLUSION

Accordingly, I recommend that Plaintiff's Motion for Leave to Proceed IFP (ECF No. 5) be **DENIED**; and Plaintiff's Complaint (ECF No. 1) be dismissed without prejudice pursuant to the three strikes provision of the PLRA. 28 U.S.C. § 1915(g). Additionally, I recommend Plaintiff be instructed that he may file a motion to reopen upon payment of the filing fee.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **12th day of June 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

3